IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

       Plaintiffs,

vs.

**DEMAND FOR JURY TRIAL**

ARCHER-DANIELS MIDLAND
COMPANY,

       Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue Archer-Daniels Midland Company ("ADM") for patent infringement, and in support, allege as follows:

### NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Numbers: 6,714,859; 6,748,320; 6,952,645; 7,030,781; 7,400,970; 6,904,359; and, 6,486,801 arising under the patent laws of the United States, Title 35 of the United States Code.

### JURISDICTION, VENUE AND THE PARTIES

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over ADM because, *inter alia*, Florida's long-arm statute, § 48.193, in that ADM: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has

committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg. ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands. Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE DEFENDANT

7. Defendant ADM is a Delaware Corporation with a principal place of business located at 4666 Faries Parkway, Decatur, Illinois 62526. ADM is authorized to transact business in Florida, and it does. It has places of business located in this Judicial District at 19495 Biscayne Boulevard, # 800, Miami, Florida 33180-2318 and 1401 Brickell Avenue, Miami, Florida 33131-3507. ADM also has a Registered Agent located in this Judicial District in Plantation, Florida. Further, ADM transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida

services and/or products that infringe claims of the '359, '801, '859, '320, '645, '781 and '970 patents.

## THE PLAINTIFFS' PATENTS

8. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004. A copy of the '859 patent is attached hereto as Exhibit 1.

9. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004. A copy of the '320 patent is attached hereto as Exhibit 2.

10. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005. A copy of the '645 patent is attached hereto as Exhibit 3.

11. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 4.

12. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System

and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

13.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 6.

14.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002.  A copy of the '801 patent is attached hereto as Exhibit 7.

15.     The '359 patent referenced in Paragraph 13 above was the subject of an Inter Partes reexamination at the United States Patent and Trademark Office.  A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 8.

## COUNT I – ADM
## DIRECT PATENT INFRINGEMENT

16.     Plaintiffs hereby incorporate Paragraphs 1 through 15 set forth above as if fully set forth herein.

17.     Pursuant to 35 U.S.C. § 271(a), ADM has directly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale, and/or use of its "Logistics Management" and "Monitoring Shipments" devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as every claim limitation, or its equivalent, is found in these devices, programs, products, services, methods and/or systems.

18. ADM's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against ADM and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with ADM, granting the following relief:

A. An award of damages against ADM adequate to compensate Plaintiffs for the infringement that has occurred with respect to ADM, together with prejudgment interest from the date that ADM's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against ADM prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

### COUNT II – ADM
### INDIRECT PATENT INFRINGEMENT

19. Plaintiffs hereby incorporate Paragraphs 1 through 18 set forth above as if fully set forth herein.

20. Pursuant to 35 U.S.C. §§ 271(b) and (c), ADM has indirectly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the

commercial manufacture, sale, offer for sale and/or use of its "Logistics Management" and "Monitoring Shipments" devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as ADM actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as ADM had knowledge, rather than intent, that its activity caused such infringement.

21. ADM's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against ADM and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with ADM, granting the following relief:

A. An award of damages against ADM adequate to compensate Plaintiffs for the infringement that has occurred with respect to ADM, together with prejudgment interest from the date that ADM's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against ADM prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: September 22, 2011.                                  Respectfully submitted,

/s/ William R. McMahon
William R. McMahon, Esquire
Florida Bar Number: 39044
McMahon Law Firm, LLC
P.O. Box 880567
Boca Raton, Florida 33488
Telephone: 561-487-7135
Facsimile: 561-807-5900
Email: bill@mlfllc.com
**Counsel for Plaintiffs**